UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-11122-RGS

NOREEN BECHADE,

v.

GOVERNER CHARLES BAKER,
in his official capacity as the Governor of the
Commonwealth of Massachusetts, et al.,

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS

September 23, 2020

STEARNS, D.J.

Noreen Bechade filed this action against Charles Baker, in his official capacity as Governor of the Commonwealth of Massachusetts; Monica Bharel, in her official capacity as Commissioner of the Massachusetts Department of Health; and Michael Flanagan,[1] in his official capacity as Director of the Massachusetts Department of Labor Standards. She alleges that the state mandate requiring individuals to wear masks in public settings when social distancing is not feasible violates her rights under state law

---

[1] Bill McKinney served as Director of the Massachusetts Department of Labor Standards when Bechade first filed her Complaint. Dkt # 1. Michael Flanagan, however, has since replaced him. The court accordingly substitutes Flanagan as a party in place of McKinney. *See* Fed. R. Civ. P. 25(d).

(Counts I and V) and the U.S. Constitution (Counts II, III, and IV). Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the following reasons, the court will allow their motion under Rule 12(b)(1).

## BACKGROUND

In January of 2020, the Centers for Disease Control and Prevention reported the first case of COVID-19 in the United States. Since then, the number of cases across the country has grown exponentially. As of September 21, 2020, for example, the United States reported over 6.8 million confirmed COVID-19 cases and nearly 200,000 deaths. *United States COVID-19 Cases and Deaths by State*, Ctrs. for Disease Control & Prevention, https://covid.cdc.gov/covid-data-tracker/ (last visited September 22, 2020). That same day, Massachusetts alone reported 125,723 confirmed COVID-19 cases and 9,107 deaths. *Dashboard of Public Health Indicators*, Massachusetts Dep't of Pub. Health, https://www.mass.gov/doc/covid-19-dashboard-september-21-2020/download (last visited September 22, 2020).

On March 10, 2020, in response to the developing pandemic, Governor Baker declared a State of Emergency in Massachusetts and began implementing emergency measures to counteract the spread of the virus

within the state. These measures included issuing a series of executive orders requiring any individual over the age of two to wear a mask or face covering in public settings when social distancing is not feasible, subject to certain exemptions not relevant here. Violations of this requirement carry a penalty of $300 per violation.

Noreen Bechade, a resident of Massachusetts and the owner and operator of Healthy Vibes Nutrition, LLC, filed suit in this court to challenge the legality of the mask requirement. Defendants moved to dismiss on August 5, 2020.

## DISCUSSION

Defendants move to dismiss under Rules 12(b)(1) and 12(b)(6). "When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first." *Ne. Erectors Ass'n of the BTEA v. Sec'y of Labor*, 62 F.3d 37, 39 (1st Cir. 1995). Accordingly, the court first turns its attention to defendants' arguments for dismissal under Rule 12(b)(1).[2]

### a. Counts I and V, Eleventh Amendment

Defendants move to dismiss Bechade's state law claims (Counts I and

---

[2] Because the court ultimately allows the Rule 12(b)(1) motion, it does not address defendants' arguments for dismissal under Rule 12(b)(6).

V) on sovereign immunity grounds, arguing that the Eleventh Amendment bars suit in federal court. Bechade appears to concede this point. Pl.'s Opp'n at 20 [Dkt # 19]. The court therefore allows the portion of defendants' motion seeking dismissal of Counts I and V.

### b. Counts II, III, and IV, standing

Defendants move to dismiss Bechade's remaining claims (Counts II, III, and IV) on standing grounds. To establish standing to bring a claim in federal court under Article III of the Constitution, a plaintiff must show that (1) she has suffered an "injury in fact"; (2) her injury is "fairly traceable to the challenged action of the defendant"; and (3) her injury is likely to "be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-181 (2000); *see also Murphy v. United States,* 45 F.3d 520, 522 (1st Cir. 1995), quoting *Taber Partners, I v. Merit Builders, Inc.*, 987 F.2d 57, 60 (1st Cir. 1993) ("The party invoking the jurisdiction of a federal court, carries the burden of proving its existence."). An "injury in fact" is an injury "that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 180. The first requirement, particularity, "demands that a plaintiff must have personally suffered some harm." *Katz v. Pershing, LLC*, 672 F.3d 64, 71 (1st Cir. 2012). The second requirement, actuality or imminence, "ensures that the harm has

either happened or is sufficiently threatening; it is not enough that the harm might occur at some future time." *Id.*

After reviewing the Complaint, and accepting all well-pled factual allegations as true, *see Fothergill v. United States,* 566 F.3d 248, 251 (1st Cir. 2009), the court determines that Bechade has not sufficiently pled the existence of an injury in fact. She alleges variously that the mask mandate "force[s] people to cover a large part of their faces"; "force[s] individuals, including employees, to wear masks"; "renders individuals, including employees, subject to punishments for each violation"; "invade[s] [Bechade's] constitutional right to privacy by forcing her to wear a facial covering, and by forcing her to force her employees to wear them"; "violate[s] [Bechade's] Fourteenth Amendment Rights by depriving her of her right to privacy without Due Process"; "force[s] individuals to wear facial covering[s]"; "forces healthy individuals to make medical choices by requiring the wearing of a facial covering when in public"; and "force[s] individuals to cover their faces." Compl. ¶¶ 49, 66, 67, 71, 72, 76, 79, 84. She does not, however, allege that she has *personally* been forced to wear a mask or to require her employees to wear a mask on any occasion. She thus has

not established that she suffered any concrete and particularized injury with respect to the mask requirement.³ *See Katz*, 672 F.3d at 71.

In her oppositional briefing, Bechade suggests that the mask requirement personally impacts her because the executive orders "threaten fines if she were to live her life as she wants." Pl.'s Opp'n at 4. As noted above, however, the Complaint does not allege any instance in which Bechade was forced to wear a mask or was otherwise unable "to live her life as she wants."

To the extent Bechade instead means to suggest that her injury is the general threat of fine that she faces for noncompliance with the mask requirement, the Court finds this harm insufficient to establish standing. Every resident of Massachusetts faces this same general threat of enforcement, and Bechade fails to plead any individual desire or intention to violate the mask requirement which might distinguish her from other residents. *See Katz*, 672 F.3d at 71. She thus has not shown that such a threat is concrete and particularized to her or actual or imminent.

---

³ The court does not express any opinion as to whether an allegation that Bechade was personally forced to wear a mask or to require her employees to wear a mask would suffice to establish an injury in fact for standing purposes. It merely concludes that, under these circumstances, Bechade has not shown that she suffered a concrete and particularized injury absent such an allegation.

In sum, Bechade has not shown that the mask requirement caused her any concrete and particularized or actual or imminent harm. She pleads nothing more than disagreement with the policy underlying adoption of the requirement, and precedent is clear that "[a] mere interest in an event—no matter how passionate or sincere the interest and no matter how charged with public import the event—will not substitute for an actual injury." *See United States v. AVX Corp.*, 962 F.2d 108, 114 (1st Cir. 1992). The court accordingly allows the motion to dismiss Counts II, III, and IV.

## ORDER

For the foregoing reasons, the motion to dismiss under Rule 12(b)(6) is <u>ALLOWED</u>.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE